UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) )  CASE NO. C12-0856 RSM ) |
| Plaintiff, | ) ) |
| v. | )  ORDER GRANTING MOTION FOR )  DEFAULT JUDGMENT ) |
| MARK F. SPANGLER, *et al.*, | ) ) |
| Defendants. | ) |

This matter comes before the Court on Plaintiff's Motion for Default Judgment Against Defendant Mark F. Spangler. Dkt. #33. Defendant Spangler has not substantively responded to the motion. Instead, he has filed a Motion to Re-Impose Stay of Proceedings, asking the Court to stay the current matter while his related criminal appeal is pending before the Ninth Circuit Court of Appeals. Dkt. #35. Defendant Spangler asserts that because the instant matter is predicated on his criminal conviction, a reversal would undermine any default judgment. *Id.*

The Court having reviewed the briefs of the parties, along with the remainder of the record, declines to enter a stay, and finds adequate bases for default judgment. The Clerk of this Court entered default against Mr. Spangler on October 6, 2014, after he failed to Answer

ORDER
PAGE - 1

the Complaint or otherwise respond. Dkt. #32. The Court also finds the proposed default judgment reasonable for the reasons set forth in Plaintiff's motion.[1] *See* Dkt. #33.

Accordingly, the Court hereby finds and ORDERS:

1) Defendant Spangler's Motion for Stay of Proceedings (Dkt. #35) is DENIED.

2) Plaintiff's Motion for Default Judgment (Dkt. #33) is GRANTED.

3) Defendant Spangler and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of any means or instrumentality of interstate commerce:

    a. to employ any device, scheme, or artifice to defraud any client or prospective client; or

    b. to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

4) Defendant Spangler and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], by the use of any means or instrumentality of interstate commerce:

---

[1] Further, when a party fails to respond to a motion, the Court may consider that failure as an admission that the motion has merit. Local Civil Rule 7(b)(2). Mr. Spangler has failed to provide any legal argument or authority in opposition to Plaintiff's motion.

ORDER
PAGE - 2

      a. to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

      b. otherwise engage in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

5) Defendant Spangler and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

6) Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by the use of any means or instrumentality of interstate commerce to make

willfully any untrue statements of material fact in Forms ADV filed with the Commission, or willfully omit to state in such Forms ADV a material fact which is required to be stated therein.

7) Defendant is liable for disgorgement of $3,908,626.79, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $19,967.90. Defendant shall satisfy this obligation by paying $3,928,594.69 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

The amount of disgorgement ($3,908,626.79), but not prejudgment interest ($19,967.90), shall be offset by any amount of restitution paid by Defendant in the related case captioned *United States v. Mark F. Spangler*, Case No. 12-cr-133 RSM (W.D. Wash.), provided however that Defendant provide notice of any payment of restitution to Robert L. Tashjian, Trial Counsel, Securities and Exchange Commission, 44 Montgomery Street, Suite 2800, San Francisco, CA 94104.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

ORDER
PAGE - 4

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mark F. Spangler as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

8) Defendant shall pay a civil penalty in the amount of $150,000.00 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified

ORDER
PAGE - 5

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mark F. Spangler as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

DATED this 13th day of November, 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6